LAW OFFICE OF JARRED S. FREEMAN LLC
3840 Park Ave (Suite #202a)
Edison, N.J. 08820
Tel (732)494-7900; Fax (732)494-7904
N.J. ATTORNEY ID: 022362009
ATTORNEYS FOR PLAINTIFF SAMUEL NYANTENG

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL NYANTENG,<br>                 Plaintiff, | Civil Action No. |
| V. | |
| JOHN S. THOMPSON, in his<br>Individual and official<br>capacity; SCOTT A. STEVENS;<br>in his individual and official<br>capacity; JOSEPH JAKUBIEC, in<br>his individual and official<br>capacity; JAMES MORRISSEY, in<br>his individual and official<br>capacity; PAULO CORREIA, in his<br>individual and official<br>capacity; RANDI BORGEN, in his<br>individual and official<br>capacity; CHRISTOPHER KALEY,<br>in his individual and official<br>capacity; ARTHUR CLARKE, in his<br>individual and official<br>capacity; and JOHN DOES 1-20,<br>(names being gender neutral and<br>fictitious), | |
| Defendants. | |

### BIVENS COMPLAINT; New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 2 COMPLAINT; JURY DEMAND

Plaintiff, SAMUEL NYANTENG (**"MR. NYANTENG"** or **"PLAINTIFF"**), a

resident of and residing in the State of New Jersey, by way of

complaint against the federal defendants says:

## PRELIMINARY STATEMENT

At all times prior to January 01, 2013, plaintiff was an experienced and by his peers and employer a well respected Immigration Services Assistant in the United States Citizenship and Immigration Services ("USCIS"), assigned to the Broad Street, Newark, New Jersey Unit.

On and after January 01, 2013, the above named federal defendants, each of whom is a federal employee and is either a supervisor of or co-worker with the plaintiff, or is an investigator employed by USCIS or Department of Homeland Security ("DHS"), (collectively the "federal defendants") jointly initiated and pursued a criminal investigation of the plaintiff, essentially accusing him of the knowing and intentional preparation and filing of bogus and false documents, and conspiracy to commit such offenses, toward the end of fraudulently obtaining a visa ("federal investigation").

The evidence and findings by the federal defendants, that Mr. Nyanteng had filed a bogus and fraudulent I-751 application for a visa by committing the offenses of tampering with official documents, false swearing and perjury, were false and known by the federal defendants to be false and the federal defendants were deliberately indifferent to the fact that such evidence and alleged findings were in fact false.

The results of and evidence related to the underlying

federal investigation were reviewed by the Office of the United States Attorney for New Jersey, which ultimately rejected said evidence and refused to pursue or file an indictment against Mr. Nyanteng.

The federal defendants, including but not limited to Arthur Clarke, thereafter submitted the results of and evidence related to the underlying federal investigation to the Office of the Essex County Prosecutor ("ECPO"), and insisted that the ECPO assume and undertake the criminal prosecution of plaintiff and the ECPO ultimately agreed to and did accept such evidence and thereafter pursued and filed two indictments against Mr. Nyanteng.

On or about August 06, 2014, plaintiff was arrested based on the federal defendants, and in particular defendant Morrissey, issuing Criminal Complaint no. 0714-W-2014-15764, which falsely charged Mr. Nyanteng with the criminal offenses of false swearing and perjury during and in relation to the I-751 application for issuance a federal visa.

Thereafter, the federal defendants did initiate, urge, further assist and support the ECPO in its presentation to an Essex County grand jury of the above criminal complaint.

On or about October 15, 2014, Essex County Indictment no. 2014-10-2576 ("2576 case") was filed and returned in which Mr. Nyanteng was falsely named as having committed the criminal acts and offenses of perjury, false swearing and conspiracy to commit same during and in relation to the application for issuance of a federal visa. This Indictment

was thereafter dismissed because the 2576 case was fatally flawed and there was no jurisdiction over Mr. Nyanteng.

On or about November, 19, 2014, Essex County Indictment no. 2014-11-2791 ("the "Indictment" or the "2791 case") was filed and returned in which Mr. Nyanteng was falsely named as having committed the criminal acts and offenses of tampering with official federal documents, false swearing and conspiracy to commit same during and in relation to the application for issuance of a federal visa.

But for the efforts, support and urging by the federal defendants, no Indictment would have been returned.

On May 03, 2019, some five years after Mr. Nyanteng was falsely arrested, on bail and maliciously prosecuted, the Honorable Verna Leath, J.S.C., issued an order dismissing with prejudice the Indictment; thereafter on May 28, 2019, Judge Leath further issued an order of expungement in favor of Mr. Nyanteng as to the Indictment.

During the five years during which Mr. Nyanteng was being falsely and maliciously charged in the Indictment and prosecuted, solely as the result of the individual and combined efforts of the federal defendants, plaintiff was subjected to and did suffer from stress, anxiety and mental anguish as to having been falsely and maliciously prosecuted through the efforts of and solely on account of the federal defendants' efforts.

Additionally, Mr. Nyanteng suffered consequential and direct financial loss and was unjustly terminated from his USCIS employment and deprived of his federal pay of some $47,000 annually and also of

some $115,000, expended solely to address and defend against the above indictment.

Lastly, solely in retaliation against plaintiff for having secured the dismissal of the Indictment, the federal defendants have also deliberately, falsely, recklessly and maliciously caused Mr. Nyanteng's federal USCIS employment to be terminated without cause; additionally, the federal defendants have caused to be issued and entered into the State of New Jersey and federal criminal databases a false entry against Mr. Nyanteng, i.e., that there is an open and unresolved criminal charge now pending against Mr. Nyanteng for attempted bribery of a federal official, a charge which is totally false and for which Mr. Nyanteng has never been charged and for which he has no knowledge. This false accusation has directly resulted in Mr. Nyanteng being barred from any employment in which a security or criminal history check is required.

The Indictment arose solely from the egregious, outrageous, and unlawful acts of the federal defendants; Mr. Nyanteng seeks compensatory and punitive damages and other relief pursuant to applicable federal civil rights laws, as well as costs, expenses and attorneys fees, specifically for the violation of Mr. Nyanteng's rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, and pursuant to BIVENS v. SIX UNKNOWN NAMED AGENTS, 403 U.S. 388 (1971) and in violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 2.

All the above acts and omissions committed by the

5

federal defendants described herein, for which liability is claimed, were done unlawfully, maliciously, recklessly, negligently and/or with bad faith intentionally undertaken, and said acts meet all of the standards for imposition of punitive damages.

Mr. Nyanteng seeks to vindicate his right to be free from false arrest, fabrication of evidence against him, malicious prosecution, the use of unreasonable and excessive force, and conspiracy to violate his civil rights.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 §§ 1331, 1343 and 1367, as one or more causes of action arise under the United States Constitution and Federal Law. The Court has pendent or supplemental jurisdiction as to the State law claims.

2. Venue is proper in this District as it is either the District in which defendants reside or are employed or the District in which the claims arose.

## PARTIES

3. Plaintiff, Mr. Samuel Nyanteng, is a citizen of the United States. He was, at all relevant times, a resident of and residing in the State of New Jersey. Mr. Nyanteng is an African-American born in Ghana.

4. Defendant JOHN E. THOMPSON ("Thompson"), at all relevant times, is an officer, employee, and agent of USCIS, and the District

Director of the Newark Office. He is sued in his individual and official capacity.

5.    Defendant PAULO CORREIA ("Correia"), at all relevant times, is an officer, employee, and agent of USCIS, and the Field Office Director of the Newark Office. He is sued in his individual and official capacity.

6.    Defendant RANDI BORGEN ("Borgen"), at all relevant times, is an officer, employee, and agent of USCIS, and the former Field Office Director of the Newark Office. She is sued in her individual and official capacity.

7.    Defendant JOSEPH JAKUBIEC ("Jakubiec"), at all relevant times, is an officer, employee, and agent of the United States Custom and Border Protection ("CBP"). He is sued in his individual and official capacity.

8.    Defendant SCOTT STEVENS ("Stevens"), at all relevant times, is an officer, employee, and agent of the United States Custom and Border Protection ("CBP"). He is sued in his individual and official capacity.

9.    Defendant JAMES MORRISSEY ("Morrissey"), at all relevant times, is an officer, employee, and agent of Immigration Customs and Enforcement ("ICE") and/or DHS. He is sued in his individual and official capacity.

10.   Defendant CHRISTOPHER KALEY ("Kaley"), at all relevant times, is an officer, employee, and agent of Immigration Customs and Enforcement ("ICE") and/or DHS. He is sued in his individual and official capacity.

11.   Defendant Arthur Clarke ("Clarke"), at all relevant times, is an

officer, employee, and agent of USCIS, and a Fraud Unit Officer ("FDNS") of the Newark Office. He is sued in his individual and official capacity.

12. Defendants JOHN DOES 1-20 ("JOHN DOES 1-20"), were, at all relevant times, officers, employees, and agents of ICE and/or DHS, whose actual identities are presently unknown, who were acting within the scope of their employment, and whose actions assisted and/or contributed to the unlawful, unconstitutional and tortious conduct that resulted in the seizure and malicious prosecution of Mr. Nyanteng. They are each sued in their individual and official capacities.

13. At all relevant times, defendants Thompson, Jakubiec, Morrissey, Borgen, Kaley, Clarke, Stevens, and JOHN DOES 1-20, acted under the color of law with the power and authority vested in them as federal law enforcement officers, agents and employees of USCIS, CBP, ICE, and/or DHS and incident to the pursuit of their duties as officers, employees and agents thereof.

14. The above named defendant USCIS, CBP, ICE, and/or DHS officers, employees and agents shall, at times, be referred to collectively, as indicated by the attendant facts and circumstances, as the "federal defendants."

15. At all relevant times, the federal defendants, acted under the color of law with the power and authority vested in them as officers, agents, and employees of USCIS/CBP/ICE/DHS and incident to the pursuit of their official duties and within the scope of their employment.

## FACTUAL ALLEGATIONS

16. At all times prior to January 01, 2013, plaintiff was an experienced and considered by his peers and employer to be a well respected Immigration Services Assistant in the United States Citizenship and Immigration Services ("USCIS"), assigned to the Broad Street, Newark, New Jersey USCIS Unit.

17. On or about January 30, 2013, the federal defendants, and each of them, initiated a criminal investigation of the plaintiff, essentially accusing him of the knowing and intentional preparation and filing of a bogus and false Immigration Form I-751 application ("application"), and conspiracy to commit such offenses, toward the end of fraudulently obtaining a visa ("federal investigation").

18. On or about January 10, 2014 defendant Jakubiec administered a polygraph examination to Mr. Nyanteng, misrepresenting to Nyanteng that this examination was part of the process of Nyanteng having preliminarily accepted a promotion within CBP; in fact, this examination was arranged by the federal defendants as part of the investigation of Mr. Nyanteng having allegedly filed a fraudulent visa application for one Georjet Amoh.

19. During and in relation to this polygraph examination Jakubiec violated Nyanteng's due process rights by warranting to Nyanteng that the entirety of the polygraph examination would be videotaped and audio recorded; in fact Jakubiec, after the examination had concluded, willfully and intentionally destroyed and/or deleted the video and audio files of the

examination to conceal his illegal conduct and his knowing and intentional violation of Nyanteng's rights.

20. Thereafter, Jakubiec falsely informed Nyanteng that he had not passed the polygraph examination and that his answers were untrue and deceptive.

21. Jakubiec then falsely informed Nyanteng that his only hope in retaining his Government employment was to immediately provide a full, complete and truthful written statement explaining his false answers and that if Nyanteng exited the examination room without the written statement, or consulted with an attorney, Nyanteng would be immediately terminated from Government service.

22. Jakubiec also denied and refused Nyanteng's several requests to consult with an attorney or to leave the examination room or to use a restroom, which placed Nyanteng in circumstances' tantamount to custodial interrogation.

23. Nyanteng then wrote a narrative explaining his allegedly deceptive answers as dictated by pursuant to and as required by Jakubiec.

24. Jakubiec, on or about January 10, 2014, then issued a report falsely stating that Nyanteng had not passed the polygraph test and had confessed in writing to having filed a false Form I-751 application with several attachments.

25. Thereafter, and prior to August 05, 2014, the federal defendants, and specifically defendant Stevens, presented the false evidentiary findings against Mr. Nyanteng to the DHS Office of Inspector General and United States Attorney for

New Jersey, which, after review of said evidence, declined to accept the criminal case for prosecution against Mr. Nyanteng.

26. Thereafter, on or about August 05, 2014 the federal defendants, and in particular defendant Morrissey and defendant Clarke, filed an application through the ECPO for issuance of a warrant of arrest against Mr. Nyanteng, alleging Nyanteng had filed a false and fraudulent Form I-751; the federal defendants knew, or should have known through the exercise of due diligence, that such evidentiary findings were false.

27. Thereafter, on or about August 05, 2014 the federal defendants, and in particular defendant Morrissey and defendant Clarke, filed an application through the ECPO for issuance of a search warrant for Mr. Nyanteng's Hillside, New Jersey residence alleging that Nyanteng had filed a false and fraudulent Form I-751; the federal defendants knew, or should have known through the exercise of due diligence, that such evidentiary findings were false.

28. This search warrant application was granted by the Superior Court of New Jersey and the federal defendants thereafter participated in the illegal and unlawful search of Mr. Nyanteng's residence, in violation of plaintiff's Fourth Amendment rights.

29. Thereafter, on or about August 07, 2014 the federal defendants, and in particular defendant Morrissey and defendant Clarke, caused issuance of Criminal Complaint No.

11

W-0714-15764-2014 ("Complaint") through the ECPO against Mr. Nyanteng for Nyanteng allegedly having filed a false and fraudulent Form I-751; the federal defendants knew, or should have known through the exercise of due diligence, that such evidentiary findings were false.

30. This Complaint issued by Morrissey and Clarke falsely alleged Mr. Nyanteng had committed the criminal offense of perjury relative to the Form I-751, in violation of N.J.S.A. 2C:28-1.

31. In fact, the State of New Jersey and the ECPO do not have jurisdiction for the criminal offense of perjury allegedly committed in connection with the filing of false statements made in federal immigration documents.

32. The federal defendants, and in particular Morrissey, Clarke, and defendant Stevens, had a duty to verify and authenticate evidentiary findings against Mr. Nyanteng but failed to do so and intentionally withheld evidence favorable to Mr. Nyanteng and were deliberately indifferent to whether such evidentiary findings were in fact true or not.

33. The federal defendants, and in particular Morrissey, Clarke, and Stevens, had a duty to prevent the false arrest of MR. NYANTENG or the baseless issuance of a search warrant for Mr. Nyanteng's residence.

34. The federal defendants, and each of them, conspired with each other due to and based upon Mr. Nyanteng's country of origin being Ghana, to fabricate evidence and the charges and falsify the official reports allegedly incriminating Mr. Nyanteng.

35.   Thereafter, on or about October 17, 2014, defendant Kaley did appear before an Essex County Grand jury as the State's sole witness and knowingly and intentionally presented the foregoing false evidence and statements against Mr. Nyanteng claiming that  Nyanteng filed a false and fraudulent Form I-751; in addition, Kaley falsely represented that he had obtained information and evidence that Mr. Nyanteng had committed the additional offense of bigamy, in that he was married to two different women simultaneously.

36.   Kaley knew, or should have known through the exercise of due diligence, that such alleged evidentiary findings were false.

37.   On the basis of the false and untrue evidence collected and submitted by the federal defendants, and in particular defendant Kaley, an Essex County Grand Jury eventually returned Indictment no. 2014-11-2791 ("Indictment") against MR. NYANTENG, charging him with the offenses of Conspiracy, Tampering with Official Records and False Swearing.

38.   As the result thereof, MR. NYANTENG was falsely arrested and charged with Conspiracy, Tampering with Official Records and False Swearing based upon the false allegations of the federal defendants.

39.   During and in relation to the arrest and seizure of Mr. Nyanteng, the federal defendants employed and exhibited unnecessary and excessive force against Mr. Nyanteng by undertaking forcible entry into Mr. Nyanteng's residence and with weapons drawn and at gunpoint extracted Mr. Nyanteng from his bathroom while he was showering and obviously had no

weapon on his person and forcible and roughly manhandled him, although previously Mr. Nyanteng had at all times cooperated and appeared when so requested.

40. MR. NYANTENG'S bail was set at $30,000 with a 10% option.

41. Thereafter, the federal defendants, and in particular defendant Thompson and defendant Borgen, instigated and caused the suspension of Mr. Nyanteng from his federal employment based on the foregoing falsified and untrue evidence and Nyanteng having been named in Essex County Indictment no. 14-10-2576 ("2576 Indictment"), with deliberate indifference as to whether the evidence acquired and submitted to the ECPO was true or not.

42. Had defendant Thompson or defendant Borgen investigated the matter they would have ascertained that the 2576 Indictment had been dismissed and struck because it was fatally inaccurate and baseless.

43. Defendant Thompson and defendant Borgen each had a duty to Mr. Nyanteng to protect and safeguard Nyanteng's due process rights to be disciplined only on the basis of proven, existing and verified facts, and not on the basis of dismissed criminal charges or charges over which the ECPO did not have jurisdiction.

44. Mr. Nyanteng advised Thompson and Borgen of the fact that the 2576 Indictment had been dismissed and was a nullity, which was rejected by defendant Thompson and defendant Borgen without explanation and plaintiff was suspended from his federal employment.

45.   By order the Hon. Verna Leath, J.S.C., filed May 03, 2019, the Indictment against Mr. Nyanteng was dismissed in its entirety and with prejudice.

46.   The above order by Judge Leath was based upon that Court's extensive review of the federal defendants' testimonies and supposed incriminating evidence, after which the trial judge concluded there was a lack of reasonable suspicion to issue the criminal complaint or the search warrant in the first place.

47.   Judge Leath further concluded that: (1) MR. NYANTENG'S rights were violated in the method and manner by which defendant Jakubiec administered the polygraph test and thereafter destroyed dispositive evidence; (2) federal Defendants did not have a reasonable suspicion that **MR. NYANTENG** had submitted a fraudulent Form I-751, and (3) there was no probable cause for **MR. NYANTENG'S** arrest since the evidence accumulated and submitted by the federal defendants was manufactured, inadmissible and tainted.

48.   Thereafter on May 28, 2019, Judge Leath further issued an order of expungement in favor of Mr. Nyanteng as to the Indictment.

49.   The fabrication of false charges and malicious prosecution of MR. NYANTENG, and termination of his USCIS employment, by the federal defendants was without provocation, legal authority or justification.

50.   By letter dated June 17, 2019, defendant Correia, in concert and combination with the federal defendants, advised plaintiff that that he (Correia) was confirming that Mr.

Nyanteng had voluntarily resigned his USCIS employment when, in fact, Mr. Nyanteng had not issued a notice of resignation from his USCIS employment; Mr. Nyanteng was thereafter terminated with prejudice from USCIS employment.

51. Thereafter, as he was unemployed, destitute and desirous of financially supporting his family, Mr. Nyanteng filed several employment applications with large companies, such as UBER and FedEx.

52. In each instance of seeing employment, plaintiff's application was denied or rejected because in conducting a background investigation the prospective employer had uncovered a criminal database entry noting that Mr. Nyanteng had an open and unresolved criminal charge for bribery of a federal official.

53. Mr. Nyanteng has no knowledge of such a charge being placed against him and has never been served with a complaint or summons regarding such a charge.

54. In retaliation against Mr. Nyanteng, for having prevailed against the Indictment, the federal defendants caused this spurious criminal charge to have been created in the first place, although it is without factual or legal basis.

55. Mr. Nyanteng has been unsuccessful in having this charge deleted against his name; in addition, anyone doing a Google name search on Mr. Nyanteng is immediately provided with several articles and notes regarding his arrest on August 06, 2014, but there is no mention that the charges were dismissed or that an order of expungement was filed.

56. In this case, the federal defendants, and each of them, targeted, followed, falsely arrested, fabricated evidence, fabricated their official reports, falsely charged, and maliciously prosecuted **MR. NYANTENG** for offenses he did not commit, based in part on retaliation, racial animus and racial profiling.

57. MR. NYANTENG committed no crime.

58. MR. NYANTENG was an innocent person.

59. MR. NYANTENG was traumatized, terrified, and feared for his safety.

60. The fabrication of false evidence and charges and malicious prosecution of **MR. NYANTENG** was the result of a conspiracy by the federal defendants to frame and maliciously prosecute **MR. NYANTENG** in part due to their racial animus toward and profiling of Mr. Nyanteng.

61. **MR. NYANTENG** has suffered severe humiliation, embarrassment and public shame. **MR. NYANTENG** is unable to defend himself against the false charge of having bribed a federal official and cannot defend himself against this false charge.

62. **MR. NYANTENG** was deprived of his liberty, incarcerated, and subjected to a seraph of his body and his residence, in violation of and contrary to the Fourth Amendment.

63. **MR. NYANTENG**, an innocent person, was arrested, interrogated, and falsely charged with various offenses without justification or probable cause.

64. The federal defendants engaged in a massive conspiracy to cover up the misconduct of the federal defendants.

65. The federal defendants illegally investigated, followed, stopped, falsely arrested, falsely charged, and maliciously prosecuted **MR. NYANTENG** without reasonable suspicion or probable cause.

66. Defendants displayed a clear racial bias, discriminatory conduct, and employed intimidating tactics against **MR. NYANTENG,** which is evident in the manner and the way they conspired with each other to fabricate evidence to falsely charge and maliciously prosecute him and thereafter to suspend and terminate his federal employment.

67. The unlawful arrest, malicious prosecution and termination of the USCIS employment of **MR.NYANTENG** was without provocation, legal authority or justification.

68. The unlawful arrest, malicious prosecution and termination of the USCIS employment of **MR. NYANTENG** and the resulting conspiracy to cover-up the true nature of the incident by the federal defendants, caused him to suffer severe and permanent psychological and emotional distress, mental anguish, degradation and public humiliation, which required the care and treatment of physicians and medication, has and will in the future require medical treatment, and has and will in the future cause him to refrain from his daily activities and normal pursuits.

69. The unlawful arrest, malicious prosecution and termination of the USCIS employment of **MR. NYANTENG,** and the resulting conspiracy to cover-up the true nature of the incident by the federal defendants, caused him to suffer economic damages and

resulted in him having to hire a lawyer and expend thousands of dollars to defend himself against the false charges.

70. Plaintiff, **SAMUEL NYANTENG**, repeats and realleges the foregoing paragraphs of the Complaint in each of the following Counts, as if fully set forth herein.

### COUNT I
### BIVENS/42 U.S.C. § 1983 - Malicious Prosecution

1. The federal defendants, jointly and severally, acting in their individual and official capacity as federal employees and within the scope of their employment, filed false charges against and maliciously prosecuted **MR. NYANTENG**, an innocent person, without probable cause.

2. The federal defendants, jointly and severally, acting in their individual and official capacity as federal employees and within the scope of their employment, engaged in an abuse of process when they falsely charged and maliciously prosecuted **MR. NYANTENG**, an innocent person, on the basis of racial animus and in retaliation for **MR. NYANTENG** prevailing against the Indictment.

3. Despite knowing that the evidence the federal defendants presented to the ECPO was inadmissible, tainted and/or fabricated and false the federal defendants continued to maliciously prosecute **MR. NYANTENG** for f i v e years.

4. Despite knowing that the evidence the federal defendants presented to the ECPO was inadmissible, tainted and/or

fabricated and false the federal defendants failed to investigate, contributed to, and permitted the prosecution of **MR. NYANTENG**, maliciously and without probable cause.

5.   The malicious prosecution of, and damages to **MR. NYANTENG** resulting from the federal defendants conduct as described herein, continued even after defendants obtained indisputable evidence of **MR. NYANTENG'S** innocence and only ended when the Judge Leath dismissed the charges on or about May 03, 2019, more than five years after the malicious prosecution was initiated, thus ending the malicious prosecution of **MR. NYANTENG.**

6.   The federal defendants, and each of them, are responsible for the creation and fabrication of the false evidence upon which the malicious prosecution was based.

7.   Defendants' actions in the presentation of false and illegally obtained evidence, upon which **MR. NYANTENG** was arrested, charged and prosecuted, was without probable cause and was reckless and malicious.

8.   By their unlawful conduct and abuse of authority, the federal defendants, under color of law, deprived **MR. NYANTENG** of his right to be free from malicious prosecution and abuse of process under the Fourth and Fourteenth Amendment to the United  States Constitution and under the New Jersey State Constitution, thereby depriving him of his liberty without due process of law.

9.   The federal defendants, collectively, are liable for their failure to take any reasonable steps to protect **MR. NYANTENG**

from being maliciously prosecuted, despite having ample evidence, time and opportunity to do so.

10.  In all the foregoing, defendants initiated the prosecution of **MR. NYANTENG** without probable cause and with reckless, malicious, callous and deliberate indifference to **MR. NYANTENG'S** constitutionally protected rights.

11.  The malicious prosecution was the act of defendants jointly, and defendants are jointly and severally liable for damages to **MR. NYANTENG.**

12.  As a direct and proximate result of the federal defendants' misconduct and abuse of authority detailed above, Plaintiff, **SAMUEL NYANTENG,** sustained the damages hereinbefore alleged.

## COUNT II
### (42 U.S.C. § 1985 Conspiracy)

13.  Plaintiff, **SAMUEL NYANTENG,** repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

14.  Despite knowing  that Mr. Nyanteng had not prepared or filed a false or bogus I-751 application and that fabricated evidence was submitted by several of the federal defendants as described above, the federal defendants conspired to conceal the true nature of the incident by unlawfully creating false  reports of the incident in furtherance of their conspiracy to frame **MR. NYANTENG.**

15.  The federal defendants, engaged in a conspiracy to cover-up the true circumstances surrounding the arrest and prosecution of **MR.**

**NYANTENG**; the federal defendants failed to adequately investigate the illegal, unreasonable and excessive use of force against **MR. NYANTENG**.

16.    The federal defendants, under color of state law, conspired with each other, reached a mutual understanding, and acted to undertake a course of conduct to cover up the true nature of the incident and to injure, oppress, threaten, and intimidate **MR. NYANTENG** in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the United States Constitution, including his clearly established right to be free from unlawful search, seizure, detention and arrest; the right to be free from malicious prosecution; the right to privacy; and the right not to be deprived of his liberty without due process of law.

17.    The federal defendants took numerous overt steps in furtherance of such conspiracy, as set forth above.

18.    As a direct and proximate result of federal defendants' conduct and abuse of authority detailed above, Plaintiff, **SAMUEL NYANTENG**, sustained the damages hereinbefore alleged.

<u>**COUNT III**</u>
<u>**(Violation of the New Jersey Civil Rights Act**</u>
<u>**– N.J.S.A. 10:6-1 to 2)**</u>

19.    Plaintiff **SAMUEL NYANTENG** repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

20.    Defendants, under color of statute, ordinance, reputation, custom and usage have deprived and caused **MR. NYANTENG** to be

subjected to the deprivations of rights, privileges and
immunities secured by the New Jersey Constitution and law of the
State of New Jersey, including his right to liberty, his right to
be secure as a person against unreasonable searches and seizures,
his right to be free from unlawful detention, his right to be free
from false arrest and imprisonment, his right to be free from
malicious prosecution, his right to privacy, and his right to
freedom of association secured to him by the New Jersey State
Constitution.

21.  At no time did the federal defendants have probable cause or any
grounds to believe **MR. NYANTENG** had committed any of the
offenses for which he was arrested and prosecuted.

22.  Defendants, acting under color of law, intentionally deprived **MR.
NYANTENG** of his civil rights by, inter alia, unlawfully seizing
him, physically assaulting him, falsely arresting him, failing
to intervene to prevent the unlawful acts against him,
maliciously prosecuting him, and violating his right to privacy.

23.  The federal defendants' acts were done in knowing violation of
**MR. NYANTENG'S** legal and constitutional rights and have caused
**MR. NYANTENG** damages, including economic injury, humiliation,
mental  pain and suffering and emotional distress.

24.  Defendants' deprivation of **MR. NYANTENG'S** civil rights  violates
the New Jersey Constitution and gives rise to **MR. NYANTENG'S**
claims for redress under N.J.S.A. 10:6-1 et seq.

25.  Based on the aforesaid conduct, the federal defendants, acting
under color of law, deprived and interfered with the exercise or
enjoyment by Plaintiff **SAMUEL NYANTENG** of the rights guaranteed

to him by the New Jersey Constitution including, but not limited to:

a)   The right to enjoy and defend life and liberty;

b)   The right to pursue and obtain safety and happiness;

c)   The right to due process of law;

d)   The right to equal protection of the laws;

e)   The right to any other natural and unalienable right retained by the people;

f)   The right to privacy; and

g)   The right to be free of cruel and unjust punishment.

26.   As a direct and proximate result of defendants' conduct and abuse of authority detailed above, Plaintiff **SAMUEL NYANTENG** sustained the damages hereinbefore alleged.

### COUNT IV
### (Negligent and Intentional Infliction of Emotional Distress)

27.   Plaintiff **SAMUEL NYANTENG** repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

28.   When the federal defendants physically assaulted and employed excessive and unnecessary force against Mr. Nyanteng, falsely arrested him, lied about the true events that occurred, retaliated against him, fabricated evidence and false charges against him, initiated the malicious prosecution against him, and publicly humiliated and embarrassed him, defendant Officers acted intentionally or recklessly with deliberate disregard of a high degree of probability that emotional distress will follow.

24

29.   Defendants' conduct was extreme and as outrageous in character and degree as to go beyond all possible bounds of decency. Defendants' conduct was so atrocious, it is utterly intolerable in a civilized community.

30.   As a direct and proximate result of defendants' conduct and abuse of authority detailed above, Plaintiff **SAMUEL NYANTENG** sustained the damages hereinbefore alleged.

<u>COUNT V</u>
<u>Punitive Damages</u>

31.   Plaintiff **SAMUEL NYANTENG** repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

32.   The acts of the federal defendants as set forth herein, were so willful, wanton, malicious and oppressive, it entitles **MR. NYANTENG** to an award of punitive damages against said defendant Officers.

**WHEREFORE**, Plaintiff **SAMUEL NYANTENG** respectfully prays that this Court:

a.   Assume jurisdiction over this action;

b.   Award Plaintiff actual damages, expenses and other economic losses;

c.   Award Plaintiff general damages for injury, mental anguish, and emotional distress, in an amount to be determined by the enlightened conscience of an impartial jury;

d.   Award Plaintiff punitive (exemplary) damages against the individual defendant Officers, to the extent permitted by law, and award fees and expenses;

e.   Declare that the federal defendants, and each of them, violated Plaintiff's rights guaranteed him under the United States Constitution;

f.   Award Plaintiff's attorney's fees, pursuant to 42 U.S.C. §1988 and any other applicable provision(s) of state and federal law;

g.   Compel the federal defendants to take the steps and action necessary to delete and remove from any and all terrorist watch-list and State or federal criminal history databases, and Google Mr. Nyanteng's August 06, 2014 arrest and that Mr. Nyanteng does not now, nor has he ever had a criminal charge against him for the bribery of a federal official; and,

g.   Award such other and further relief as the Court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that attorney JARRED S. FREEMAN, ESQ. is hereby designated as trial counsel in the above-captioned litigation for the Plaintiff.

## JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiff demands a trial by jury as to all issues so triable.

**LAW OFFICES OF JARRED S. FREEMAN LLC**

**Attorneys for Plaintiff SAMUEL NYANTENG**

Dated: April 28, 2021

26